UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **Steve Jordan**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**Paylocity Corporation**<br><br>Defendant. | No. _____<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT** |

Plaintiff, Steve Jordan ("Plaintiff"), individually and on behalf of all other persons similarly situated, sues the Defendant, Paylocity Corporation (hereafter "Defendant" or "Paylocity") and alleges as follows:

**PRELIMINARY STATEMENT**

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq.*, Illinois Wage Payment and Collection Act ("IWPCA"), 820 115/1 *et seq*. and Fed. R. Civ. P. 23 for Paylocity's failure to pay Plaintiff and other similarly-situated employees all earned overtime wages and commissions.

2. Plaintiff, the Collective Members and the Class Members are current and former Sales Agents[1] of Paylocity. Plaintiff brings this action on behalf of himself and all similarly-situated current and former employees who were not paid one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any given workweek (also referred to as the "Covered Positions").

---

[1] For the purposes of this Complaint, the term "Sales Agents" does not refer to one particular job title and instead encompasses all Paylocity employees similarly situated to Plaintiff that performed sales duties on behalf of Paylocity while being classified by Paylocity as exempt from overtime.

1

3. The Collective Members are all current and former Sales Agents who were not paid one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any given workweek (also referred to as the "Covered Positions") at any time starting three years before this Complaint was filed, up to the present.

4. The IMWL Class Members are all current and former Sales Agents who were employed in Illinois and were not paid one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any given workweek at any time starting three years before this Complaint was filed, up to the present.

5. The IWPCA Class Members are all former Sales Agents who were employed in Illinois and who worked were not paid all trailing commissions following the conclusion of their employment at any time starting ten years before this Complaint was filed, up to the present.

6. Under the FLSA and IMWL, employers must pay all non-exempt employees an overtime wage premium of pay one and one-half times their regular rate of pay for all time they spend working in excess of 40 hours in a given workweek.

7. The IWPCA, prohibits any withholding of compensation owed pursuant to an employment contract or agreement. *See* 820 ILCS § 115/2.

8. Plaintiff, the Collective Members and the IMWL Class Members were paid a base salary plus commissions in their work for Paylocity. However, Paylocity did not pay Plaintiff, the Collective Members and the IMWL Class Members any overtime whatsoever for the work that the performed which was in excess of forty (40) hours in any given workweek.

9. Plaintiff and the IWPCA Class Members were parties to Paylocity's Sales Policy and Variable Compensation Plans ("Comp Plans"). The Comp Plans provide that when a Sales Agent's employment is terminated for any reason, commissions are still to be paid on any sales

which are processing provided that such sales are implemented within six (6) months ("Trailing Commissions"). However, Paylocity failed to pay Plaintiff and the IWPCA Class Members all Trailing Commissions as agreed.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the laws of the United States.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff and the Collective Members occurred within the Northern District of Illinois.

12. Plaintiff performed work and was employed by Paylicty within this Judicial District.

13. Paylocity is an Illinois corporation with its principal place of business located within this judicial district.

14. Plaintiff, the Collective Members and the Class Members in their work for Paylocity were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

## PARTIES

15. At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Dupage County, Illinois, and is a former employee of Paylocity.

16. Plaintiff was employed by Paylocity as an Enterprise Client Account Executive from approximately September 5, 2023 through June 6, 2024.

17. The IMWL Class Members, IWPCA Class Members and Collective Members are all current and former employees in the Covered Positions who worked for Paylocity at any point in the three years preceding the filing of this Complaint.

18. Under the IMWL, IWPCA and FLSA, Paylocity is an employer. At all relevant times, Paylocity had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's, the Collective Members' and the Class Members' employment. As a person who acted in the interest of Paylocity in relation to the company's employees, Paylocity is subject to liability under the IMWL and FLSA.

19. At all material times, Plaintiff and the Class and Collective Members were employees of Paylocity as defined by the IMWL, IWPCA and FLSA, 29 U.S.C. § 203(e)(1).

20. At all material times, Plaintiff and the Class and Collective Members were non-exempt employees under 29 U.S.C. § 213(a)(1).

21. Plaintiff has given his written consent to be named party Plaintiff in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is attached to this Complaint as Exhibit "A."

22. At all relevant times, Plaintiff and the Class and Collective Members, in their work for Paylocity, were engaged in commerce or the production of goods for commerce.

23. At all relevant times, Plaintiff and the Class and Collective Members, in their work for Paylocity, were engaged in interstate commerce.

## FACTUAL ALLEGATIONS

24. Paylocity offers payroll and human resources solutions to its customers across the country.

25. At all relevant times, Plaintiff, the Collective Members and the IMWL Class Members were paid a base salary with the opportunity to earn various non-discretionary commissions and bonuses.

26. At all relevant times, Plaintiff, the Collective Members and the IMWL Class Members regularly worked in excess forty hours in a given workweek.

27. In fact, at all relevant times, Plaintiff worked approximately fifty (50) hours or more per workweek in his employment for Paylocity

28. However, Paylocity failed to pay Plaintiff, the Collective Members and the IMWL Class Members any overtime whatsoever for their work which was in excess of forty hours in any given workweek.

29. For example, during for the workweek beginning February 18, 2024, Plaintiff worked no less than fifty hours in his employment for Paylocity. However, Plaintiff was not paid any overtime whatsoever for the hours which he worked that were in excess of forty hours during that workweek.

30. The IMWL Class Members and the Collective Members were likewise paid a base salary with the opportunity to earn non-discretionary commissions and bonuses.

31. The IMWL Class Members and the Collective Members likewise worked in excess of forty (40) hours in a given workweek during the three-years prior to the filing of this lawsuit.

32. The IMWL Class Members and the Collective Members likewise were not paid any overtime whatsoever for their work which was in excess of forty hours in any given workweek.

33. Plaintiff, the IMWL Class Members and the Collective Members were non-exempt employees.

34. Plaintiff, the IMWL Class Members and Collective Members were not managers. They did not have supervisory authority over any employees, did not possess the authority to hire or fire employees, did not possess authority to make critical job decisions with respect to any of Paylocity's employees, did not direct the work of two or more employees, and did not exercise discretion and independent judgment with respect to matters of significance.

35. The primary duty of Plaintiff, the IMWL Class Members and Collective Members was not the management of the enterprise in which they were employed or any recognized department of the enterprise.

36. In their work for Paylocity, Plaintiff, the IMWL Class Members and the Collective Members were customarily and regularly engaged in work at Paylocity offices.

37. In fact, in their work for Paylocity, Plaintiff, the IMWL Class Members and the Collective Members worked from Paylocity's offices nearly every day of their respective workweeks.

38. Plaintiff, the IMWL Class Members and the Collective Members did not make sales at their customer's places of business or homes.

39. Instead, Plaintiff, the IMWL Class Members and the Collective Members made their sales primarily, if not exclusively, over the phone and internet.

40. Plaintiff and the IWPCA Class Members were parties to Paylocity's Comp Plans.

41. The Comp Plans provide that when a Sales Agent's employment is terminated for any reason, commissions are still to be paid on any sales which are processing provided that such sales are implemented within six (6) months ("Trailing Commissions").

42. However, Paylocity failed to pay Plaintiff and the IWPCA Class Members all Trailing Commissions as agreed.

6

43. For example, when Plaintiff's employment concluded on June 6, 2024, Plaintiff had submitted several sales which were processing. However, Paylocity has failed to pay Plaintiff any of the Trailing Commissions attendant to those sales as agreed.

44. Paylocity has likewise failed to pay the IWPCA Class Members all Trailing Commissions as agreed.

## COLLECTIVE ACTION ALLEGATIONS

45. Plaintiff and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

46. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) on his own behalf and as a representative of individuals similarly situated who are current or former employees of Paylocity in the Covered Positions.

47. Paylocity subjected all of their employees within the Covered Positions, including Plaintiff and the Collective Members, to their policy and practice of not paying them one and one-half times their regular rates of pay for all time they spent working in excess of 40 hours in a given workweek, in violation of 29 U.S.C. § 207(a).

48. At all times material, Plaintiff and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Paylocity's decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully subjecting Plaintiff and the Collective Members to their policy and practice of not paying the employees within the Covered Positions one and one-half times their regular rates of pay for time they spent working in excess of 40 hours in a given workweek.

49. Plaintiff's claims stated in this complaint are essentially the same as those of the Collective Members. This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiffs is identical or substantially similar.

50. The Collective Members perform or have performed the same or similar work as Plaintiff.

51. Paylocity's failure to pay overtime compensation required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of Plaintiff or the Collective Members.

52. Although the exact amount of damages may vary among the Collective Members, the damages for the Collective Members can be easily calculated by a simple formula. The claims of all Collective Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Paylocity that caused harm to all of the Collective Members.

53. As such, Plaintiff bring his FLSA overtime claim as a collective action on behalf of the following class:

> **All current and former Sales Agents of Paylocity who worked in excess of forty (40) hours in any given workweek and were not paid one-and-one-half times their regular rate of pay, at any time starting three years before this Complaint was filed, up to the present.**

54. Paylocity's unlawful conduct, as described herein, is pursuant to its corporate policy or practice of minimizing labor costs by refusing and/or failing to properly compensate its employees according to the FLSA.

55. Paylocity was aware or should have been aware that federal law prohibited them from failing to pay Plaintiff and the Collective Members one and one-half times their regular rates of pay for time they spent working in excess of 40 hours in a given workweek.

56. Paylocity's unlawful conduct has been widespread, repeated, and consistent.

57. This action is properly brought and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

58. Upon information and belief, the individuals similarly situated to Plaintiff include hundreds, and possibly thousands, of current and former Paylocity employees. Plaintiff is unable to state the precise number of similarly-situated employees because that information is solely in Paylocity's possession, custody, or control, but it can be readily ascertained from their employment records.

59. Notice can be provided to the Collective Members by First Class Mail to the last address known to Paylocity, via email at the last known email address known to Paylocity, by text message to the last known telephone number known to Paylocity and by workplace posting at each of Paylocity's facilities.

## RULE 23 CLASS DEFINITIONS AND ALLEATIONS

60. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

61. Plaintiff brings Claims for Relief for violation of the IMWL and IWPCA as a class action pursuant to Rule 23(a), (b)(2), and (b)(3). Plaintiff brings these claims on behalf of himself and all members of the following Class Members:

> **The IMWL Class Members are current and former Sales Agents of Paylocity who worked in Illinois and who worked in excess of forty (40) hours in any given workweek and were not paid one-and-one-half times their regular rate of pay any time starting three years before this Complaint was filed, up to the present.**
>
> **The IWPCA Class Members are former Sales Agents of Paylocity who worked in Illinois at any time starting ten years before this Complaint was filed, up to the present.**

9

**Numerosity (Rule 23(a)(1)).**

62. The Classes are so numerous that joinder of all members is impracticable. Plaintiff on information and belief alleges, that Paylocity employed greater than one hundred people who satisfy the definition of the IMWL and IWPCA Class.

    a. **Existence of Common Questions of Law and Fact (Rule 23(a)(2)).**

63. Common questions of law and fact exist as to Plaintiff and the members of the IMWL and IWPCA Class including, but not limited to, the following:

    a. Whether Paylocity unlawfully failed to pay members of the IMWL Class the overtime wage, in violation of the Illinois Minimum Wage Law;

    b. Whether Paylocity failed to pay all IWPCA Class Members Trailing Commissions as agreed;

    c. Whether Paylocity unlawfully failed to keep and maintain accurate and true records of the hours worked by members of the Illinois class as required by applicable law; and

    d. The damages sustained and the proper measure of restitution recoverable by members of the IMWL and IWPCA Classes.

    b. **Typicality (Rule 23(a)(3)).**

64. Plaintiff's claims are typical of the members of the IMWL and IWPCA Class Members' claims. Plaintiff, like other members of the IMWL and IWPCA Classes, was subjected to Paylocity's illegal scheme to maximize profits by depriving their employees of overtime compensation and making adequate expense reimbursements.

    c. **Adequacy (Rule 23(a)(4)).**

65. Plaintiff will fairly and adequately represent and protect the interests of the

members of the IMWL and IWPCA Classes. Plaintiff has retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation.

### d. Injunctive and Declaratory Relief (Rule 23(b)(2)).

66. Class certification of the Rule 23 claims is appropriate pursuant to Rule 23(b)(2) because Paylocity acted or refused to act on grounds generally applicable to the members of the IMWL Class, making appropriate declaratory relief with respect to the members of the IMWL and IWPCA Classes as a whole.

### e. Predominance and Superiority of Class Action (Rule 23(b)(3)).

67. Class certification of the Rule 23 claims is also appropriate under Rule 23(b)(3) because questions of law and fact common to members of the IMWL and IWPCA Classes predominate over any questions affecting only individual members of the Classes, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Paylocity's common and uniform policies and practices illegally deprived Plaintiff and all similarly situated employees of wages; thus, making the question of liability and damages much more manageable and efficient to resolve in a class action, compared to hundreds of individual trials. The damages suffered by individual members of the IMWL and IWPCA Classes are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Paylocity's practices.

68. Plaintiff intends to send notice to all members of the IMWL and IWPCA Class Members to the extent required by Rule 23.

### COUNT ONE: FAIR LABOR STANDARDS ACT
### FAILURE AND/OR REFUSAL TO PAY OVERTIME

69. Plaintiff and the Collective Members reallege and incorporate by reference all

allegations in all preceding paragraphs.

70. Under the FLSA, employers must pay all non-exempt employees an overtime wage premium of pay one and one-half times their regular rate of pay for all time they spend working in excess of 40 hours in a given workweek.

71. At all relevant times, Plaintiff and the Collective Members were compensated via a base salary with the opportunity to earn certain non-discretionary commissions and bonuses.

72. At all relevant times, Plaintiff and the Collective Members regularly worked in excess forty hours in any given workweek.

73. In fact, at all relevant times, Plaintiff worked approximately fifty (50) hours or more per workweek in his employment for Paylocity

74. For example, during for the workweek beginning February 18, 2024, Plaintiff worked no less than fifty hours in his employment for Paylocity. However, Plaintiff was not paid any overtime whatsoever for the hours which he worked that were in excess of forty hours during that workweek.

75. Plaintiff and the Collective Members were not managers. They did not have supervisory authority over any employees, did not possess the authority to hire or fire employees, did not possess authority to make critical job decisions with respect to any of Paylocity's employees, did not direct the work of two or more employees, and did not exercise discretion and independent judgment with respect to matters of significance.

76. The primary duty of Plaintiff and Collective Members was not the management of the enterprise in which they were employed or any recognized department of the enterprise.

77. In their work for Paylocity, Plaintiff and the Collective Members were customarily and regularly engaged in work at Paylocity offices.

78. In fact, in their work for Paylocity, Plaintiff and the Collective Members worked from Paylocity's offices nearly every day of their respective workweeks.

79. Plaintiff and the Collective Members did not make sales at their customer's places of business or homes.

80. Instead, Plaintiff and the Collective Members made their sales primarily, if not exclusively, over the phone and internet.

81. The Collective Members were likewise paid a base salary with the opportunity to earn non-discretionary commissions and bonuses.

82. The Collective Members likewise worked in excess of forty (40) hours in a given workweek during the three-years prior to the filing of this lawsuit.

83. The Collective Members likewise were not paid any overtime whatsoever for their work which was in excess of forty hours in any given workweek.

84. As a result, Paylocity has intentionally failed and/or refused to pay Plaintiff and the Collective Members overtime according to the provisions of the FLSA, 29 U.S.C. § 207.

85. Although at this stage, Plaintiff and the Collective Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiff and the Collective Members believe that such information will become available during the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

86. Paylocity knew that – or acted with reckless disregard as to whether – its refusal

or failure to properly compensate Plaintiff and the Collective Members over the course of their employment would violate the FLSA, and Paylocity was aware of the FLSA's overtime requirements. As such, Paylocity's conduct constitutes a willful violation of the FLSA.

87. As a result of Paylocity's failure or refusal to pay Plaintiff and the Collective Members a wage equal to one and one-half times their regular hourly rate for all work they performed for Paylocity in excess of their regular 40-hour workweek, Paylocity violated 29 U.S.C. § 207(a). Plaintiff and the Collective Members are therefore entitled to compensation of one and one-half times their regular rate of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

## COUNT TWO: ILLINOIS MINIMUM WAGE LAW
## UNPAID OVERTIME

88. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

89. Under the IMWL, employers must pay all non-exempt employees an overtime wage premium of pay one and one-half times their regular rate of pay for all time they spend working in excess of 40 hours in a given workweek.

90. At all relevant times, Plaintiff and the IMWL Class Members were compensated via a base salary with the opportunity to earn certain non-discretionary commissions and bonuses.

91. At all relevant times, Plaintiff and the IMWL Class Members regularly worked in excess forty hours in any given workweek.

92. In fact, at all relevant times, Plaintiff worked approximately fifty (50) hours or more per workweek in his employment for Paylocity

93. For example, during for the workweek beginning February 18, 2024, Plaintiff worked no less than fifty hours in his employment for Paylocity. However, Plaintiff was not paid

14

any overtime whatsoever for the hours which he worked that were in excess of forty hours during that workweek.

94. Plaintiff and the IMWL Class Members were not managers. They did not have supervisory authority over any employees, did not possess the authority to hire or fire employees, did not possess authority to make critical job decisions with respect to any of Paylocity's employees, did not direct the work of two or more employees, and did not exercise discretion and independent judgment with respect to matters of significance.

95. The primary duty of Plaintiff and IMWL Class Members was not the management of the enterprise in which they were employed or any recognized department of the enterprise.

96. In their work for Paylocity, Plaintiff and the IMWL Class Members were customarily and regularly engaged in work at Paylocity offices.

97. In fact, in their work for Paylocity, Plaintiff and the IMWL Class Members worked from Paylocity's offices nearly every day of their respective workweeks.

98. Plaintiff and the IMWL Class Members did not make sales at their customer's places of business or homes.

99. Instead, Plaintiff and the IMWL Class Members made their sales primarily, if not exclusively, over the phone and internet.

100. The IMWL Class Members were likewise paid a base salary with the opportunity to earn non-discretionary commissions and bonuses.

101. The IMWL Class Members likewise worked in excess of forty (40) hours in a given workweek during the three-years prior to the filing of this lawsuit.

102. The IMWL Class Members likewise were not paid any overtime whatsoever for their work which was in excess of forty hours in any given workweek.

103. Paylocity has engaged in a widespread pattern and practice of violating the provisions of the IMWL by failing and/or refusing to pay Plaintiff and the IMWL Class Members in accordance with IMWL § 820 105/4(a).

104. Paylocity has willfully failed and/or refused to pay Plaintiff and the IMWL Class Members overtime according to the provisions of the IMWL.

105. Although at this stage, Plaintiff and the IMWL Class Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiff and the IMWL Class Members believe that such information will become available during the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

106. Paylocity knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff and the IMWL Class Members over the course of their working from home would violate Illinois law, and Paylocity was aware of the Illinois overtime wage requirements during Plaintiff's and the IMWL Class Members' employment. As such, Paylocity's conduct constitutes a willful violation of the IMWL.

107. Paylocity has and continues to willfully violate the IMWL by not paying Plaintiff and the IMWL Class Members a wage equal to one and one-half times their regular rates of pay for all time spent performing labor in excess of their regular 40-hour workweek.

108. As a result of Paylocity's failure or refusal to pay Plaintiff and the IMWL Class Members a wage equal to one-and-one-half times Plaintiff's and the IMWL Class Members' regular rates of pay for work they performed for Paylocity in excess of their regular 40-hour

workweek, Paylocity violated IMWL 820 § 105/4(a). Plaintiff and the IMWL Class Members are therefore entitled to compensation of one-and-one-half times their regular rates of pay, to be proven at trial, plus statutory damages and interest, reasonable attorney's fees, and costs.

### COUNT THREE: ILLINOIS WAGE PAYMENT AND COLLECT ACT UNLWAFWUL EXPENSE REIMBURSEMENTS

109. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

110. The IWPCA, prohibits any withholding of compensation owed pursuant to an employment contract or agreement. *See* 820 ILCS § 115/2

111. Plaintiff and the IWPCA Class Members were parties to Paylocity's Comp Plans.

112. The Comp Plans provide that when a Sales Agent's employment is terminated for any reason, commissions are still to be paid on any sales which are processing provided that such sales are implemented within six (6) months ("Trailing Commissions").

113. However, Paylocity failed to pay Plaintiff and the IWPCA Class Members all Trailing Commissions as agreed.

114. For example, when Plaintiff's employment concluded on June 6, 2024, Plaintiff had submitted several sales which were processing. However, Paylocity has failed to pay Plaintiff any of the Trailing Commissions attendant to those sales as agreed.

115. Paylocity has likewise failed to pay the IWPCA Class Members all Trailing Commissions as agreed.

116. As a result, Paylocity has intentionally failed and/or refused to pay Plaintiff and the IWPCA Class Members according to the provisions of the IWPCA.

117. Paylocity has willfully failed and/or refused to pay Plaintiff and the IWPCA Class Members according to the provisions of the IWPCA.

118. Although at this stage, Plaintiff and the IWPCA Class Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiff and the IWPCA Class Members believe that such information will become available during the course of discovery.

119. As a result of Paylocity's failure or refusal to pay Plaintiff and the IWPCA Class Members all Trailing Commissions as agreed, Paylocity violated 820 ILCS 115/9.5(a). Plaintiff and the IWPCA Class Members are therefore entitled to payment of all unpaid commissions, plus statutory damages and interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Steve Jordan, individually, and on behalf of all other similarly situated persons, requests that this Court grant the following relief in Plaintiff's, the Collective Members', the IMWL Class Members' and the IWPCA Class Members' favor, and against Defendant, Paylocity Corporation:

    A. For the Court to declare and find that Paylocity committed one or more of the following acts:

        i. violated the overtime provisions of the FLSA by failing to pay proper overtime wages;

        ii. willfully violated the overtime provisions of the FLSA;

        iii. violated the overtime provisions of IMWL by failing to pay proper overtime wages; and

        iv. willfully violated the overtime provisions of the IMWL;

        v. violated the IWPCA; and

        vi. willfully violated the IWPCA.

B. For the Court to award damages in the amounts of all unpaid overtime wages and commissions due and owing to Plaintiff, the Collective Members and the Class Members;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), in amounts to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest on any damages awarded;

E. For the Court to award all statutory damages, interest, attorney fees and costs owed to Plaintiff and the IMWL Class Members under the IMWL.

F. For the Court to award all statutory damages, interest, attorney fees and costs owed to Plaintiff and the IWPCA Class Members under the IWPCA.

G. For the Court to award Plaintiff's and the Collective Members' reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth in this Complaint.

H. For the Court to provide a reasonable incentive award for Plaintiff to compensate him for the time he spent attempting to recover wages for the Collective Members and Class Members and for the risks she took in doing so; and

I. Such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs, the FLSA Collective, and the Illinois Class Members hereby demand a jury trial on all causes of action and claims with respect to which they each have a state and/or federal constitutional right to a jury trial.

DATED: September 5, 2024.

Respectfully submitted,

s/ *Michael L. Fradin*
Michael L. Fradin, Esq.
8401 Crawford Ave. Ste. 104
Skokie, IL 60076
Telephone: 847-986-5889
Facsimile: 847-673-1228
Email: mike@fradinlaw.com

By: /s/ *James L. Simon*
James L. Simon (*pro hac vice* forthcoming)
SIMON LAW CO.
11 ½ N. Franklin Street
Chagrin Falls, OH 44022
Telephone: (216) 816-8696
Email: james@simonsayspay.com