IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STEVE JORDAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 24-cv-08065 |
| | ) | |
| PAYLOCITY CORPORATION, | ) | Judge John J. Tharp, Jr. |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER**

The plaintiff's motion to dismiss the defendant's counterclaims [14] is granted, for the reasons explained in the following statement.

**STATEMENT**

The plaintiff, Steve Jordan, brought this action against the defendant, Paylocity Corporation, for allegedly failing to pay its employees overtime wages and commissions in violation of federal and state law. Compl. 1 ¶ 1, ECF No. 1. He also seeks to bring this claim on behalf of a class of similarly situated employees. *Id.* at 1 ¶ 2. In its answer, Paylocity brought a counterclaim against Jordan, alleging that he engaged in a fraudulent scheme to increase his incentive pay. Paylocity asserts that Jordan "would reduce or manipulate an enterprise client's existing pricing and then use the reduced/manipulated pricing to add services in a manner that made it appear that Jordan had made a sale of the new services when the actual amount paid by the customer either stayed the same, only increased slightly, or even decreased." Answer 30 ¶ 18, ECF No. 6. Jordan received incentive compensation for those sales, even though he was not actually entitled to such pay, says Paylocity. *Id.* at 28 ¶ 2. Paylocity's theories of relief for its counterclaim—breach of fiduciary duty and unjust enrichment—arise under state law.

Jordan moved to dismiss Paylocity's counterclaim on three grounds: first, that the Illinois Citizen Participation Act bars the claim, second, that Paylocity failed to state a claim, and third, that this Court should decline to exercise supplemental jurisdiction over the counterclaim. Jordan's third argument assumes that this Court *could* exercise supplemental jurisdiction over the counterclaim, an assumption with which this Court disagrees.

Federal courts are courts of limited jurisdiction—they can hear cases only when permitted by Article III of the Constitution and when granted jurisdiction by Congress. This Court has an "independent duty to ensure" that it has jurisdiction over each claim, regardless of whether the parties raised the issue. *Cothron v. White Castle Sys., Inc.*, 20 F.4th 1156, 1160 (7th Cir. 2021) (citation omitted). The counterclaim does not meet the requirements for either diversity or federal question jurisdiction, as the claim is founded in state law and the parties are not diverse. If the

Court has jurisdiction, then, it must be supplemental jurisdiction. Federal courts have supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). A claim forms part of the same case or controversy when it "derive[s] from a common nucleus of operative fact." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

The counterclaim does not form part of the same case or controversy as Jordan's claim. Jordan's claim requires him to show that he and his fellow class members were expected to work over forty hours a week and that Paylocity did not pay them overtime for the extra hours. To do that, he will also need to prove that he was eligible for overtime pay under the Fair Labor Standards Act ("FLSA"). 29 U.S.C. § 207(a). That will require inquiry into how often Jordan made sales outside Paylocity's offices, to determine if he falls under FLSA's "outside sales" exemption. 29 U.S.C. § 213(a); Reply 6, ECF No. 20. Paylocity's counterclaim, on the other hand, will involve questions about whether Jordan wrongly engaged in the sales scheme described above, as well as what Paylocity told Jordan he was permitted to do. *See Lawlor v. N. Am. Corp. of Ill.*, 983 N.E.2d 414, 433 (Ill. 2012) (explaining that to succeed on a breach of fiduciary duty claim, a party must show "(1) that a fiduciary duty exists; (2) that the fiduciary duty was breached; and (3) that such breach proximately caused the injury of which the party complains"); *C. Szabo Contracting, Inc. v. Lorig Constr. Co.*, 19 N.E.3d 638, 644 (Ill. App. Ct. 2014) ("[T]o be entitled to the remedy of unjust enrichment in a quasi-contract action, a plaintiff must show that he or she furnished valuable services or materials and that the defendant received them under circumstances that would make it unjust to retain the benefit."). It is irrelevant to Paylocity's counterclaim where the alleged wrongful sales took place and whether they occurred outside the forty-hour workweek. In other words, the only factual connection between Jordan's claim and Paylocity's counterclaim is the employment relationship between the parties.

Courts in this circuit have held that an overlapping employment relationship is insufficient factual similarity to support supplemental jurisdiction. *See Henderson v. N. Shore Baking Corp.*, No. 18-cv-4469, 2018 WL 11631208, at * 1 (N.D. Ill. Nov. 27, 2018) (collecting cases). In *Villareal v. El Chile, Inc.*, the plaintiffs alleged that the defendants violated the overtime and minimum wage provisions of the FLSA. 601 F. Supp. 2d 1011, 1013 (N.D. Ill. 2009). The defendants countersued, claiming that the plaintiffs had violated their duty of loyalty to the employer by:

> telling customers who enter the restaurant that the food and the service is poor, that the owners of the restaurant abuse the employees; by failing to wait on customers or failing to wait on customers in a timely fashion; by failing to take telephone orders; and by soliciting the signatures of customers for purposes unknown to Defendants, but which solicitations have caused discomfort to customers.

*Id.* at 1014. The court there held that it did not have supplemental jurisdiction over the counterclaim, because "[t]he only connection between Plaintiffs' claims and the counterclaim is the parties' employment relationship." *Id.* at 1018. So too here.

Paylocity contends that the claims have substantial overlap because they "share the same factual analysis . . . whether the plaintiff is entitled to the compensation which he is claiming." Resp. 13, ECF No. 18. But, as Jordan points out, that's not quite accurate. Jordan is seeking

compensation that he says he was ***not*** paid, whereas Paylocity is seeking return of compensation it ***did*** pay him—meaning "the claims are necessarily predicated on entirely separate sales." Reply 6. Paylocity also argues that factual overlap exists regarding "how many hours Plaintiff worked, his credibility, and his sales practices . . . For example, both Plaintiff's claims and Defendant's counterclaims will require discovery into Plaintiff's sales, the hours Plaintiff worked, and the expectations of Plaintiff's position, including travel and ventures outside his home office." Resp. 14. But as explained above, Paylocity's counterclaim does not hinge on when or where Jordan made his allegedly fraudulent sales. It is entirely unclear why those facts would make any difference to Paylocity's claim. And if the mere question of a party's credibility (untethered to specific facts) were sufficient to bring a counterclaim within a court's supplemental jurisdiction, such jurisdiction would extend to nearly every possible counterclaim, which surely goes too far. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978) ("It is a fundamental precept that federal courts are courts of limited jurisdiction.").

\* \* \*

Paylocity's state-law counterclaim does not stem from the same nucleus of operative fact as Jordan's claim, meaning this Court does not have supplemental jurisdiction over the counterclaim. For that reason, Jordan's motion to dismiss is granted.

Date: March 11, 2026

John J. Tharp, Jr.
United States District Judge

3